ESTATE OF SAM E. BROADHEAD (DECEASED), S. NORRIS BROADHEAD AND PAUL E. BROADHEAD, EXECUTORS, AND VIRDIE COX BROADHEAD, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Estate of Broadhead v. Commissioner
Docket Nos. 5127-65, 1836-66, 728-68, 1340-68.
United States Tax Court
T.C. Memo 1973-222; 1973 Tax Ct. Memo LEXIS 67; 32 T.C.M. (CCH) 1047; T.C.M. (RIA) 73222; October 9, 1973, Filed *67 deQuincy v. Sutton, for the petitioners. James D. Burroughs and Joel Gerber, for the respondent. DAWSON
SUPPLEMENTAL OPINION DAWSON, Judge: On September 7, 1972, the Court filed its Memorandum Findings of Fact and Opinion (T. C. Memo. 1972-195) in 2 these consolidated cases. Under Issue 4 (pages 41-45 of the opinion) the Court considered whether the petitioners were entitled to capital gain or ordinary income treatment with respect to the gains and profits realized from the following sales of real property: (1) Sale of lands to Ark Investments, Inc., on May 18, 1961 (2) Sale of Yazoo County timberland in 1963 (3) Sale of 40 acres of Sturgis property in 1963 (4) Sale of property in Avoyelles, Louisiana in 1963 to William R. Easterling on October 3, 1963 (5) Sale of Togo Island on October 18, 1963 to McGill Realty Co. The Court concluded that the petitioners failed to prove that the properties were not held primarily for sale to customers in the ordinary course of their trade or business. Petitioners have filed a motion for reconsideration of this issue on the ground that the Court's finding that gains received from these sales of timberland are *68 ordinary income is erroneous. Respondent filed an objection to such motion. After reviewing again the evidence in the record with respect to this factual issue, we think our prior conclusion was incorrect. Upon reconsideration of the entire record, we now conclude that the petitioners did not hold the subject property primarily for sale to customers in the ordinary course of their trade or business during the years in issue. See and compare Estate of Sam E. Broadhead, T.C. Memo. 1966-26, affirmed 391 F.2d 841 (C.A. 5, 1968); Robert L. Adam, 60 T.C. No. 107 (September 27, 1973). Thus, the petitioners are entitled to capital gain treatment. Accordingly, petitioners' motion for reconsideration of this issue is granted. It follows that various motions filed by respondent for leave to file amendments to his answers will be denied. Decisions will be entered under Rule 50. Footnotes
1. The proceedings of the following petitioners are consolidated herewith: Estate of Sam E. Broadhead, Deceased, by: S. Norris Broadhead and Paul E. Broadhead, Executors, and Virdie Cox Broadhead, docket No. 1836-66; Estate of Sam E. Broadhead, Deceased, by: S. Norris Broadhead and Paul E. Broadhead, Co-Executors, and Virdie Cox Broadhead, docket No. 1340-68; and Paul E. and Sherry Broadhead, docket No. 728-68. ↩